**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JTS CAPITAL 4, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:25-cv-00132 |
| v. | ) | |
| | ) | Chief Judge Cathy Bissoon |
| NORTHWEST BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

### I.    MEMORANDUM

Now before the Court is Defendant's Motion to Dismiss (Doc. 25) (the "Motion to Dismiss"). Because Plaintiff failed to plead facts in the First Amended Complaint (Doc. 7) (the "FAC") necessary to establish the Court's subject matter jurisdiction, the FAC will be dismissed unless the Plaintiff timely amends as set forth in the below Order.

**A. Factual and Procedural Background**

Plaintiff commenced this action directly in federal court on May 22, 2025, by filing the Complaint (Doc. 1). Defendant moved to dismiss the Complaint on July 11, 2025. See Doc. 7. But, on the deadline to file an opposition to Defendant's first motion to dismiss, Plaintiff instead filed the FAC on July 31, 2025, and thereby mooted Defendant's then-pending motion. See Docs. 9, 17, 18.

In the FAC, Plaintiff attempted to allege several causes of action arising from Defendant's purported failure to perform in accordance with a sale agreement contract, dated December 18, 2024 (the "Sale Agreement"), through which Plaintiff acquired a loan portfolio from Defendant. FAC ¶ 20; see generally FAC Ex. D (Doc. 17-1). Specifically, Plaintiff alleged

that Defendant did not disclose that a borrower for two acquired promissory notes would cease

business operations before the Sale Agreement deal closed, FAC ¶ 40, and that Defendant had

obtained judgments on those notes in state court, id. ¶ 41.  Plaintiff also claimed that the state

court judgments "devalued the fair market value" of the acquired notes, id ¶ 43, and constituted

an impermissible "modification" of the implicated notes under the Sale Agreement, id. ¶ 39.

Finally, because Defendant did not perform either of the remedies set forth in the Sale

Agreement for material breach of representations and warranties, Plaintiff alleged that Defendant

has not complied with the Sale Agreement's "Limitation of Damages" provision.  Id. ¶¶ 48-50;

see also FAC Ex. D ¶ 21.  Plaintiff asserted four causes of action arising from these allegations:

declaratory judgment (Count I), specific performance (Count II), breach of contract (Count III)

and unjust enrichment (Count IV).  FAC ¶¶ 52-85.

Defendant again moved to dismiss on August 21, 2025, see Doc. 25, raising assorted

arguments for dismissal pursuant to Federal Rule of Procedure 12(b)(6) in the accompanying

Memorandum (Doc. 26) ("Memo.").[1]  Plaintiff filed an untimely Memorandum in Opposition to

the Motion to Dismiss (Doc. 28) on September 11, 2025.  And Defendant submitted its

Memorandum in Reply (Doc. 30) on September 18, 2025.

---

[1] The bulk of Defendant's argument was that Plaintiff failed to allege a breach of representations
or warranties because Plaintiff admitted in the FAC that it *had* been aware of the borrower's
imminent dissolution prior to closing the transaction and the Sale Agreement did not require
Defendant to disclose the state court judgments qua public information.  Memo. at 3-8.
Defendant also argued that Plaintiff failed to allege (*i*) actual damages, Memo. at 8-10; (*ii*) the
absence of adequate legal remedies necessary to state a claim for specific performance, id. at 10-
12; and (*iii*) the absence of a contract necessary to state a claim for unjust enrichment, id. at 13-
14.  Further, Defendant argued that the entry of the state court judgment in connection with the
acquired promissory notes did not constitute a "modification" of those notes, causing Plaintiff's
breach of contract claim to fail.  Id. 12-13.

**B.  Plaintiff Failed to Plead Subject Matter Jurisdiction Adequately.**

"Federal courts are courts of limited jurisdiction."  <u>Kokkonen v. Guardian Life Ins. Co. of</u> <u>Am.</u>, 511 U.S. 375, 377 (1994).  Here, Plaintiff alleged that the Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1), which gives district courts original jurisdiction to hear cases where the matter in controversy exceeds $75,000 and is between citizens of different states.  FAC ¶ 3.  For federal diversity jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff.  <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 373 (1978).  "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived."  <u>Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n</u>, 554 F.2d 1254, 1256 (3d Cir. 1977) (quoting <u>Thomas v. Bd. of Trs. of Ohio State Univ.</u>, 195 U.S. 207, 211 (1904)); <u>see also</u> <u>Meritcare Inc. v. St. Paul Mercury Ins. Co.</u>, 166 F.3d 214, 217 (3d Cir. 1999) ("A federal court has the obligation to address a question of subject matter jurisdiction <u>sua</u> <u>sponte</u>."), <u>abrogated on other grounds by</u> <u>Exxon Mobil Corp. v. Allapattah Servs., Inc.</u>, 545 U.S. 546, 551 (2005).

As to Plaintiff's citizenship, the FAC only states that Plaintiff is a Texas limited liability company "with its principal office and place of business" in Waco, Texas.  FAC ¶ 1.  Pleading the state of incorporation and principal place of business may have been adequate were Plaintiff a corporation.  <u>See</u> 28 U.S.C. § 1332(c)(1).  But Plaintiff is an LLC.  FAC ¶ 1.  And "the

citizenship of an LLC is determined by the citizenship of its members." <u>Zambelli Fireworks</u>
<u>Mfg. Co., Inc. v. Wood</u>, 592 F.3d 412, 420 (3d Cir. 2010).[2]

      "[W]here the unincorporated association, is the proponent of diversity jurisdiction," like
Plaintiff is here, "there is no reason to excuse it of its obligation to plead the citizenship of each
of its members." <u>Lincoln Benefit Life Co. v. AEI Life, LLC</u>, 800 F.3d 99, 108 n.36 (3d Cir.
2015). Because Plaintiff has failed to plead its own citizenship adequately and, therefore, has
failed to demonstrate that its citizenship is completely diverse from the Defendant's citizenship,
amendment clearly is required. <u>See, e.g.</u>, <u>Voorhees v. Tolia, 761 F. App'x 88, 91 (3d Cir. 2019)</u>
(instructing the district court to permit, as "a threshold consideration on remand," amendment of
the complaint pursuant to 28 U.S.C. §1653 to correct jurisdictionally insufficient pleadings of
party citizenship); <u>Westmoreland Opportunity Fund, LLC v. Zappala</u>, No. 2:13-cv-00456, 2013
WL 3816519, at *1 (W.D. Pa. July 22, 2013); <u>Chief Gathering LLC v. Watkins</u>, No. 3:11-cv-
01760, 2011 WL 4597514, at *1-2 (M.D. Pa. Oct. 3, 2011).

## II.    ORDER

      Plaintiff is given leave to file a second amended complaint on or before March 9, 2026.
Should Plaintiff fail to do so, the action will be dismissed. Having already once amended its

---

[2] Plaintiff's Disclosure Statement (Doc. 2) indicates that Plaintiff is wholly owned by JTS
Capital Fund IV, LP ("Capital Fund IV"), which is a Delaware limited partnership. "[T]he
citizenship of a limited partnership is the same as the citizenship(s) of all its partners, including
its limited partners." <u>Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP</u>, 49
F. 4th 866, 870 (3d Cir. 2022); <u>accord</u> <u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185, 195-96 (1990).
Accordingly, the citizenship of all partners of Capital Fund IV—and, recursively, for any
unincorporated association partners of Capital Fund IV, the citizenship of those entities—will all
be imputed to Plaintiff. <u>See</u> <u>Zambelli Fireworks</u>, 592 F.3d at 420 ("[A]s with partnerships,
where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated
associations must be traced through however many layers of partners or members there may be'
to determine the citizenship of the LLC." (quoting <u>Hart v. Terminex Int'l</u>, 336 F.3d 541, 543 (7th
Cir. 2003))).

pleadings, and now had the benefit of two motions to dismiss, Plaintiff must make last, best

efforts to state viable claims, because additional leave to amend will not be granted


IT IS SO ORDERED.


March 4, 2026                                    s/Cathy Bissoon
                                                 Cathy Bissoon
                                                 Chief United States District Judge


cc (via ECF email notification):

      All Counsel of Record